**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL M. MADDRY,<br><br>        Plaintiff,<br><br>    v.<br><br>LUOXUE, et al.,<br><br>        Defendants. | Case No. 5:25-cv-02449-BLF<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: Dkt. No. 2] |

Before the Court is *pro se* Plaintiff Daniel Maddry's *Ex Parte* Application for Temporary Restraining Order and Request for Expedited Relief, which was filed in combination with the Complaint in this action on March 11, 2025. Dkt. No. 2 ("TRO App."). For the following reasons, the Court DENIES Plaintiff's application.

**I.     BACKGROUND**

This case concerns Plaintiff's original creative work entitled "*Discernment*," a card game. Dkt. No. 1 ("Compl.") ¶ 1. Plaintiff, an individual residing in California, asserts that he is the sole owner of the game, and that it is "a creative work protected under United States copyright law." *Id.* ¶ 6. He also alleges that he holds the registered trademark for the "Christians Like" logo displayed on the game box. *Id.* Supported by a Kickstarter campaign, *Discernment* was created on June 1, 2023 and published on June 1, 2024. *Id.* ¶ 12 & Exs. 1, 2. The game includes 500 cards, each with unique content authored by Plaintiff, and is distributed in a "distinctive black and blue pixelated box." Compl. ¶ 12.

Plaintiff alleges that on February 23, 2025, he "identified counterfeit versions of *Discernment* being sold on Amazon." *Id.* ¶ 17. Those counterfeit products were listed at a 60 percent discount as compared to Plaintiff's original game. *Id.* ¶ 18. Plaintiff determined that other

counterfeit listings appeared on Walmart.com and eBay.com as well. *Id.* ¶ 16 & Exs. 6, 7. On February 26, 2025 and February 28, 2025, Plaintiff emailed Cease and Desist letters to Defendants Luoxue, Zhang Zhenkai, and Guoyanqing, each alleged to be "an individual or business entity" operating out of China. Compl. ¶¶ 7–9, 19. Plaintiff also "promptly reported the counterfeit listings to Amazon, which temporarily removed the listings" and "informed Plaintiff that the listings would be reinstated unless proof of a filed lawsuit is provided." *Id.* ¶ 20.

Thereafter, Plaintiff filed the present lawsuit, which asserts one cause of action for Copyright Infringement under 17 U.S.C. §§ 106, 501. Compl. at 5. He simultaneously sought a temporary restraining order ("TRO") "to enjoin Amazon.com, Inc., Walmart.com, and eBay.com from continuing to allow Defendants' counterfeit listings of Plaintiff's copyrighted card game *Discernment* to remain active on their platforms and to prevent Defendants from further infringing activities." Dkt. No. 2 at 1.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a district court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In addition, "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary*

*Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### III.   DISCUSSION

Plaintiff's application makes three separate requests: First, Plaintiff seeks an order requiring Amazon.com, Inc. ("Amazon"), Walmart.com ("Walmart"), and eBay.com ("eBay") to "[i]mmediately remove all counterfeit listings of *Discernment*" and "[p]rohibit[ing] Defendants and John Does 1-10, inclusive, from listing or selling counterfeit copies of *Discernment* pending further order of this Court." TRO App. at 4. Second, Plaintiff seeks an order "requiring Defendants and any third-party platforms to: a. Preserve all sales records, communications, and inventory data related to counterfeit copies of *Discernment* to ensure key evidence is retained[, and] b. Provide Plaintiff with an accounting of profits from counterfeit sales." *Id.* at 4–5. And third, Plaintiff seeks an order "[g]rant[ing] expedited discovery to: a. Identify all known sellers offering counterfeit copies of *Discernment* . . . [and] b. Require Amazon, Walmart, and eBay to disclose seller information and correspondence related to these counterfeit listings." *Id.* at 5.

As a preliminary matter, the latter two of Plaintiff's three requests are not appropriate subjects of an *ex parte* application for an injunction, as both concern discovery matters more appropriately dealt with at a later time and through the proper procedures. For example, Plaintiff's request for an order "[g]rant[ing] expedited discovery to: a. Identify all known sellers offering counterfeit copies of *Discernment* . . . [and] b. Require Amazon, Walmart, and eBay to disclose seller information and correspondence related to these counterfeit listings," *id.* at 5, appears to

3

1  seek discovery covered by 17 U.S.C. § 512(h).  Under that provision, "[a] copyright owner . . .
2  may request the clerk of any United States district court to issue a subpoena to a service provider
3  for identification of an alleged infringer" by filing with the clerk (1) a copy of a notification of
4  claimed infringement submitted to the provider in accordance with 17 U.S.C. § 512(c)(3)(A), (2) a
5  proposed subpoena, and (3) "a sworn declaration to the effect that the purpose for which the
6  subpoena is sought is to obtain the identity of an alleged infringer and that such information will
7  only be used for the purpose of protecting" the copyright owner's rights.  17 U.S.C. § 512(h)(1)–
8  (2).  Plaintiff does not need a court order where the Digital Millennium Copyright Act provides a
9  subpoena process for obtaining production of these materials.  *See id.*

10  Insofar as Plaintiff seeks expedited discovery of information that would not be covered by
11  17 U.S.C. § 512(h), a court may grant a request for expedited discovery on a showing of "good
12  cause."  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).
13  "Good cause may be found where the need for expedited discovery, in consideration of the
14  administration of justice, outweighs the prejudice to the responding party."  *Id.*  "[S]pecifically in
15  internet infringement cases, 'courts routinely find good cause exists to issue a Rule 45 subpoena'"
16  in order to discover an anonymous defendant's identity on an expedited basis, "where [1] a
17  plaintiff makes a *prima facie* showing of infringement, [2] there is no other way to identify [the]
18  Doe defendant, and [3] there is a risk an [internet service provider] will destroy its logs."  *Bright*
19  *Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618, 2015 WL 5159125, at *1 (N.D. Cal. Sept. 2,
20  2015) (quoting *UMG Recordings, Inc. v. Doe*, No. 08-cv-1193, 2008 WL 4104214, at *4 (N.D.
21  Cal. Sept. 3, 2008)).  For the reasons discussed below in section III.B, Plaintiff has not yet made a
22  *prima facie* showing of infringement.  However, Plaintiff may be able to seek expedited recovery
23  through the Rule 45 subpoena process if he is later able to make the aforementioned three-part
24  showing.  *See* Fed. R. Civ. P. 45 (discussing federal subpoena rules).

25  Next, Plaintiff's request for an order "requiring Defendants and any third-party platforms
26  to: a. Preserve all sales records, communications, and inventory data related to counterfeit copies
27  of *Discernment* to ensure key evidence is retained[, and] b. Provide Plaintiff with an accounting of
28  profits from counterfeit sales," TRO App. at 4–5, is improper in light of the fact that Plaintiff has

4

not served any of the relevant parties or entities yet. Nor is it even clear that the Court has jurisdiction to issue and enforce a preservation order against third parties in the absence of any subpoena or service of process against them. *See Ferrari v. Gisch*, 225 F.R.D. 599, 612 (C.D. Cal. 2004) ("[I]t is unclear whether the court could exercise jurisdiction over third party witnesses." (citing *In re Grand Casinos, Inc. Sec. Litig.*, 988 F. Supp. 1270, 1273 (D. Minn. 1997), and *Asset Value Fund Ltd. P'ship v. Find/Svp, Inc.*, No. 97-cv-3977, 1997 WL 588885, *1 (S.D.N.Y. Sept. 19, 1997))). As to Defendants, the Court notes that once they have notice of an impending lawsuit, parties are "under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence" even without a preservation order from a court. *See Comet Techs. U.S. of Am. Inc. v. Beuerman*, No. 18-cv-01441, 2018 WL 1990226, at *6 (N.D. Cal. Mar. 15, 2018) (quoting *Bright Sols. for Dyslexia, Inc.*, 2015 WL 5159125, at *2).

Finally, a temporary restraining order can only bind "the parties," "the parties' officers, agents, servants, employees, and attorneys," and/or "other persons who are in active concert or participation" with the parties. *See* Fed. R. Civ. P. 65(d)(2). "A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction." 11A Wright & Miller, *Federal Practice and Procedure* § 2956 (3d ed.); *see Consumer Opinion LLC v. Frankfort News Corp.*, No. 16-cv-05100, 2016 WL 6804607, at *5 (N.D. Cal. Nov. 17, 2016) (denying request for TRO against a third party where the movant had not "address[ed] the district court's authority—or lack thereof—to issue a TRO against a non-party"). It may be that under 17 U.S.C. § 512(j), this Court has such authority, but Plaintiff has failed to provide any case citations supporting his request. Further, other courts have concluded that such authority is lacking. *E.g.*, *cPanel, LLC v. Asli*, 719 F. Supp. 3d 1133, 1154–55 (D. Or. 2024) ("Rule 65 rests on the premise that 'a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But under traditional equitable principles, no court may lawfully enjoin the world at large.'" (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021))); *see TVB Holdings (USA), Inc. v. eNom, Inc.*, No. 13-cv-624, 2014 WL 3717889, at *5 (C.D. Cal. July 23, 2014) ("The Second Amended Motion does not even mention permanently enjoining non-parties, much less explain how Plaintiff is entitled to such

relief.").

Amazon, Walmart, and eBay are not parties to this action, as Plaintiff has not named them as defendants. Besides, Plaintiff's Complaint alleges that Amazon has *already* taken down the allegedly infringing listings, rendering Plaintiff's request as to Amazon moot. Compl. ¶ 20; *see Ventura Content, Ltd. v. Motherless, Inc.*, No. 11-cv-5912, 2013 WL 11237204, at *15 (C.D. Cal. July 3, 2013), *aff'd*, 885 F.3d 597 (9th Cir. 2018) ("Defendants have already removed the thirty three infringing clips at issue in this case; thus, Plaintiff's request for injunctive relief is moot."). Plaintiff has not included any allegations indicating whether or not he issued takedown notices in accordance with 17 U.S.C. § 512(c)(3) to Walmart or eBay, but that provision—and not an application for a temporary restraining order in a case that does not name the service providers as defendants—provides Plaintiff's path for seeking prompt removal of allegedly infringing works from such websites. As a result, Plaintiff's request for a TRO requiring non-parties Amazon, Walmart, and eBay to "[i]mmediately remove all counterfeit listings of *Discernment*" is DENIED. The Court notes, however, that "pursuant to Rule 65(d)(2)(C), a party can request that this Court enforce an injunction against non-parties *after* [an] injunction has issued" if the non-party receives notice of the Court's injunction order and "continues to provide services to Defendants [that] could qualify [it] as an 'aider or abettor' under Rule 65(d)(2)(C)." *cPanel*, 719 F. Supp. 3d at 1155–56 (emphasis in original).

In light of the above, the following discussion addresses only Plaintiff's request for an order "[p]rohibit[ing] Defendants and John Does 1-10, inclusive, from listing or selling counterfeit copies of *Discernment* pending further order of this Court." TRO App. at 4.

### A.  *Ex Parte* TRO Notice Rule

An *ex parte* TRO may be issued only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Court finds that Plaintiff has adequately met these requirements. Plaintiff's Complaint sets forth specific facts and exhibits indicating that "immediate and

6

irreparable injury, loss, or damage will result," including loss of sales, customer goodwill, and business reputation. Compl. ¶ 18 & Exs. 3, 4. In addition, Plaintiff has moved for an order permitting alternative service on Defendants. Dkt. No. 3.[1] In that motion, Plaintiff describes his efforts to locate and attain contact with Defendants, as well as the reasons why he believes that alternative service should be permitted. *Id.* at 1 (invoking "Defendants' evasive conduct and international location in China"). In light of Plaintiff's *pro se* status, the Court finds that these documents suffice to establish the requirements of Federal Rule of Civil Procedure 65(b)(1).

### B. Likelihood of Success on the Merits

The first *Winter* factor considers whether the movant is "likely to succeed on the merits" of his claim. *Winter*, 555 U.S. at 20. Plaintiff's claim for copyright infringement is based on sections 106 and 501 of the Copyright Act. Under section 106 of the Copyright Act, the owner of a copyright has various exclusive rights, including rights to reproduce and distribute copies of their copyrighted work. 17 U.S.C. § 106. "Anyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright or right of the author." *Id.* § 501(a). In the face of such copyright infringement, the "legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." *Id.* § 501(b). In turn, section 411 states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." *Id.* § 411(a).

Plaintiff fails to show a likelihood of success on the merits, or serious questions going to the merits, because he has not submitted any evidence of the foundational requirement that "preregistration or registration of the copyright claim has been made in accordance with" the Copyright Act prior to institution of the action. 17 U.S.C. § 411(a). Plaintiff submitted evidence of a registered trademark for his "Christians Like" logo, Compl. Ex. 11, but trademark and copyright are separate intellectual property rights, and Plaintiff has not asserted a cause of action

---

[1] Dkt. No. 3 will be addressed by the Court in a separate Order.

7

1  for trademark infringement.

2  Because likelihood of success on the merits "is a threshold inquiry and is the most
3  important factor" in the preliminary injunction analysis, "a 'court need not consider the other
4  factors' if a movant fails" to carry his burden on the first *Winter* factor. *Baird v. Bonta*, 81 F.4th
5  1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir.
6  2020), and *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).
7  Accordingly, the Court will not proceed to consider the remaining three *Winter* factors.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Request for Expedited Relief (Dkt. No. 2) is DENIED without prejudice to Plaintiff bringing a later motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated:  March 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge