United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL M. MADDRY,<br><br>Plaintiff,<br><br>v.<br><br>LUOXUE, et al.,<br><br>Defendants. | Case No.  5:25-cv-02449-BLF<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE**<br><br>[Re:  ECF No. 25] |

Plaintiff Daniel Maddry brings suit against Defendants Luoxue, Zhang Zhenkai, and Guoyanquing, each alleged to be "an individual or business entity operating out of" China.  ECF No. 1 ("Compl.") ¶¶ 1, 7–9.  Before the Court is Plaintiff's Renewed Motion for Alternative Service.  ECF No. 25 ("Mot.").  Plaintiff requests a court order to effectuate service via email and "[b]y notifying Amazon.com, Inc., Walmart.com, and eBay.com's legal departments of this lawsuit and requesting that they provide a copy of the Summons, Complaint, and supporting documents to Defendants via their internal communication systems." *Id.* at 6–7.  For the reasons that follow, Plaintiff's renewed motion for alternative service is GRANTED.

## I.    BACKGROUND

Plaintiff, an individual residing in California, alleges that he is the sole owner of a card game entitled "*Discernment*." *See* Compl. ¶¶ 1, 6.  Supported by a Kickstarter campaign, *Discernment* was created on June 1, 2023, and published on June 1, 2024.  Compl. ¶ 12 & Exs. 1, 2.  The game includes 500 cards, each with unique content authored by Plaintiff, and is distributed in a "distinctive black and blue pixelated box."  Compl. ¶ 12.  On February 23, 2025, however, Plaintiff "identified counterfeit versions of *Discernment* being sold on Amazon."  Compl. ¶ 17.  Plaintiff determined that other counterfeit listings appeared on Walmart.com and eBay.com as well.  Compl. ¶ 16 & Exs. 6, 7.  On February 26, 2025, and February 28, 2025, Plaintiff emailed Cease and Desist letters to Defendants.  Compl. ¶ 19.  Plaintiff also "promptly reported the

counterfeit listings to Amazon, which temporarily removed the listings" and "informed Plaintiff that the listings would be reinstated unless proof of a filed lawsuit is provided." Compl. ¶ 20.

Thereafter, Plaintiff filed the present lawsuit, which asserts one cause of action for Copyright Infringement under 17 U.S.C. §§ 106, 501. Compl. at 5. He simultaneously sought a temporary restraining order ("TRO"), ECF No. 2, which the Court denied on March 14, 2025, ECF No. 12. Plaintiff also submitted a motion for alternative service. ECF No. 3. The Court denied that motion on March 18, 2025, including because Plaintiff had not submitted any evidence that he attempted to effectuate service under the Hague Convention or asserted that Defendants' addresses are unknown. ECF No. 13. In the present renewed motion for alternative service, Plaintiff states that he has undertaken "diligent efforts to identify, locate, and contract Defendants," explaining that he has been unable to locate physical addresses for any Defendant, despite conducting research. Mot. at 2.

## II.   LEGAL STANDARD

Plaintiff's renewed motion for alternative service is governed by Federal Rule of Civil Procedure 4(f), which addresses "Serving an Individual in a Foreign Country":

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Plaintiff specifically invokes Rule 4(f)(3). Mot. at 4. Pursuant to Rule 4(f)(3), alternate service must be (1) directed by the court and (2) not prohibited by

United States District Court
Northern District of California

international agreement.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  District courts have authorized service by "other means" including "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email."  *Id.* at 1015–16.  Even where a method of service of process is permitted by the Federal Rules, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" in order to comport with due process.  *Id.*  at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.    DISCUSSION

Plaintiff seeks to effectuate service via email and "[b]y notifying Amazon.com, Inc., Walmart.com, and eBay.com's legal departments of this lawsuit and requesting that they provide a copy of the Summons, Complaint, and supporting documents to Defendants via their internal communication systems."  Mot. at 6–7.

In the Prior Order, the Court found that in this action, service by email was prohibited by international agreement, namely the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (1969) ("Hague Service Convention").  ECF No. 13 at 3–4 (citing *Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 963–65 (N.D. Cal. 2024) and *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co.*, 480 F. Supp. 3d 977, 984–87 (N.D. Cal. 2020)).  The Hague Service Convention is a multilateral treaty aiming to "simplify, standardize, and generally improve the process of serving documents abroad."  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017).  It therefore "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies."  *Id.* (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)).  The Court concluded that email service was impermissible under the Hague Service Convention, which, when applicable, enumerates the sole means by which service of documents may occur in the signatory countries (including China).  ECF No. 13 at 4.  The Court further found that no exception to the Hague Service Convention was applicable.  ECF No. 13 at 4–5.

United States District Court
Northern District of California

In the instant motion, Plaintiff contends that the Hague Service Convention is inapplicable because Defendants' physical business addresses are unknown, Mot. at 5, and the Convention includes an "exception for when the defendant's address is unknown." *Xiu Network*, 480 F. Supp. 3d at 987 (citing Hague Service Convention, Art. I).  Plaintiff explains that because there is very limited identifying information available in connection with Defendants' online seller profiles, he has been unable to obtain "verified street addresses for any Defendant," despite conducting research.  Mot. at 5.  Where, as here, a plaintiff is unable to identify valid physical business addresses for the named Defendants, the Hague Convention does not apply in the first instance and therefore does not prohibit alternative methods of service.  *See Amazon.com, Inc. v. KexleWaterFilters*, No. 22-cv-1120-JLR, 2023 WL 2017002, at *3 (W.D. Wash. Feb. 15, 2023).

Having concluded that service of process by email and via the legal departments of Amazon.com, Walmart.com, and eBay.com (collectively, the "Online Platforms") is not prohibited by international agreement, the Court evaluates whether such service comports with due process.  Service of process must be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc.*, 284 F.3d at 1016–17 (quoting *Mullane*, 339  U.S. at 314).

Plaintiff argues that service by email and through the legal departments of the Online Platforms is reasonably calculated to provide notice and an opportunity to respond.  Mot. at 5–6.  Defendants "conduct their business exclusively online through marketplace platforms" and their email addresses "are the primary, and in many cases only, means of contacting them."  Mot. at 5.  Plaintiff also represents that Zhenkai responded to an email he sent, which demonstrates that email is an effective means of actually contacting at least one Defendant.  *Id.*  Plaintiff also contends that service via the legal departments of the Online Platforms would provide notice, "as these platforms maintain direct communication channels with their sellers and can relay legal documents through their internal messaging systems."  Mot. at 6.

The Court finds that service by email is reasonably calculated to provide Defendants with notice of the pendency of the action and afford them an opportunity to respond.  Defendants are located abroad and conduct their businesses through internet platforms.  Accordingly, the Court

4

concludes that their businesses are structured such that email is likely the most effective method of service. *See Zoho Corp. v. Target Integration*, No. 23-cv-00054-SI, 2023 WL 2837676, at *4 (N.D. Cal. Apr. 7, 2023). The Court recognizes that service by email has certain limitations because there is "no way to confirm receipt of an email" and there is "limited use of electronic signatures." *Rio Props., Inc.*, 284 F.3d at 1018. "[B]alanc[ing] the limitations of email service against its benefits," *id.*, the Court finds that service of process by email is reasonably calculated to provide notice and an opportunity to respond. With respect to Plaintiff's proposal to effectuate service via request to the Online Platforms, the Court has no jurisdiction to compel those entities to transmit documents, so such requests would not give rise to effective service.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service is GRANTED. Plaintiffs SHALL serve Defendants with a copy of the summons, the complaint, and this Order by email. Plaintiff must submit proof of service to the Court. Plaintiff SHALL file the proofs of service within 30 days.

Dated:  March 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5